Matter of the Judicial Settlement of the Account of ERNEST E. L. HAMMER, Public Administrator, as Administrator of the Goods, Chattels and Credits of CHARLES H. Fox, Deceased.

(Surrogate's Court, Bronx County, January, 1919.)

Accounting — by public administrator — provisions of decree — to whom moneys in the hands of the public administrator should be paid.

A sum of money in the hands of the public administrator of the county of Bronx for distribution among persons who are unknown, should be paid into the treasury of the city of New

York, not into the treasury of the state, and the decree entered upon the judicial settlement of the accounts of the public administrator must so provide.

PROCEEDINGS on the settlement of a decree in the judicial settlement of an account.

Ernest E. L. Hammer, as administrator, petitioner in person.

Merton E. Lewis, attorney-general of state of New York.

William P. Burr, corporation counsel, for city of New York.

SCHULZ, S. Upon the settlement of the decree in this matter, it appears that a sum of money remains in the hands of the public administrator payable to persons who are unknown.

The attorney-general of the state of New York contends that under section 2740 of the Code of Civil Procedure, a decree should be entered directing that the said amount be paid into the treasury of the state of New York, whereas the city of New York asks that such payment be made into the treasury of the city of New York as provided by subdivision 14 of section 24 of chapter 230 of the Laws of 1898 and chapter 548 of the Laws of 1912.

So far as material section 2740 of the Code provides that: " Where the person entitled to a legacy or distributive share is unknown, the decree must direct the * * * administrator * * * to pay the amount thereof into the treasury of the State, for the benefit of the person or persons who may thereafter appear to be entitled thereto."

Chapter 230 of the Laws of 1898 is "An act in rela-

tion to the public administrator of the county of New York," and subdivision 14 of section 24 thereof defining the rights and powers of the public administrator, in so far as material, provides that " The balance of any money in his hands on the adjustment of his accounts, whether payable to persons unknown or if known whose places of residence are unknown, shall be paid immediately into the treasury of the city."

Section 2740 is a part of chapter 18 of the Code of Civil Procedure as revised by chapter 443 of the Laws of 1914 and was formerly section 2747 of the Code. Its enactment is, therefore, later in point of time than the enactment of chapter 230 of the Laws of 1898, and that fact may have given rise to the contention of the attorney-general, on the theory that it superseded the former statute. An examination of chapter 443 of the Laws of 1914, however, discloses a provision that " Nothing in this chapter shall repeal, amend or modify any existing law specially applying to any county, which is inconsistent with any section of this chapter * * *." Code Civ. Pro. § 2771. It follows, therefore, that as the statute of 1898 is specially applicable to New York county, it was not repealed, amended or modified by chapter 443 of the Laws of 1914, even if we assume that it is inconsistent with the provision of section 2740, *supra*, which it is not necessary for me to determine.

By the Laws of 1912, chapter 548, which was the act erecting the county of Bronx, as amended by Laws of 1913, chapter 825, it was provided as follows:

" § 3. * * * The surrogate of the county of Bronx shall also appoint a public administrator of the county of Bronx, and such public administrator shall have all the authority and powers within said county of Bronx

as are now conferred by law upon the public adminis-
trator of the county of New York.  *  *  *''

"§ 11. All acts and parts of acts specially applicable
to the county of New York or that portion of the
borough of Bronx formerly part of the county of
Westchester annexed to the city of New York by
chapter nine hundred and thirty-four of the laws of
eighteen hundred and ninety-five and now in force in
the borough of Bronx and not inconsistent with this
act shall continue in full force and effect in the county
of Bronx, as though the said county had been in exist-
ence at the time of the passage of said acts, as though
the name of the said county of Bronx had appeared
in said acts and parts of acts wherever the name of
the county of New York or the county of Westchester
appears in said acts or parts of acts."

Under the provisions quoted I hold that chapter 230
of the Laws of 1898 is applicable to the county of
Bronx, and as the act has not been repealed, amended
or modified by the revision of 1914, the conclusion fol-
lows that the decree must provide for the payment of
the money in question into the treasury of the city
of New York.  Also see as bearing upon the subject,
*Matter of People* v. *Maltbie,* 102 Misc. Rep. 575.

Decreed accordingly.