Collins, S.
This is a proceeding for the settlement of the account of the Public Administrator. The United States of America has filed objections to the account and asserts a claim to the entire balance in the estate. The claim is based upon the provisions of subdivision (3) of section 450 of title 38 of the United States Code upon the theory that the estate must escheat to the State of New York and that such escheat is subject and subordinate to the right of the United States Government to recapture all of the funds which it supplied for the care of the deceased, a veteran, and which created the estate now under administration. The Public Administrator has rejected the claim and prays fpr a decree directing deposit of the fund in the treasury of the City of New York for the benefit of unknown distributees.
*435 Subdivision (16) of section 136-z of the Surrogate’s Court Act provides that the Public Administrator is “ To pay into the city treasury the balance of any moneys or other assets in his hands remaining after settlement of his accounts, either in or out of court, where payable to persons unknown or to known persons whose places of residence are unknown ”.
The United States contends that this section of the act conflicts with the provisions of section 272 which provides: “ Legacy to unknown person to be paid to the comptroller. Where the person entitled to a legacy or distributive share is unknown, the decree must direct the executor, administrator, guardian or testamentary trustee to pay the amount thereof to the comptroller of the state, for the benefit of the person or persons who may thereafter appear to be entitled thereto.”
It may be said that if the court were to subordinate section 136-z to section 272 and were then to find that a deposit with the State Comptroller is the equivalent of escheat the contention of the United States would have to be upheld for subdivision (3) of section 450 of title 38 of the United States Code clearly establishes the prior right of the Government to the escheatable estates of veterans.
The court, however, has come to the conclusion that subdivision (16) of section 136-z of the Surrogate’s Court Act governing the administration of estates by the Public Administrator is clearly controlling. The United States concedes that if a direction were to be made for the deposit of the fund in the treasury of the City of New York there would be no escheat and hence its claim would be defeated. The court is of the view that section 272 does not require the Public Administrator to deposit funds with the Comptroller of the State of New York under the circumstances obtaining in this case. However, even if the contrary were true there would be no basis for the claim of the Government for the reason that the Abandoned Property Law does not contemplate escheat in the sense in which that doctrine is employed in the Federal statute. In this connection the court is thoroughly in accord with the views of Mr. Subrogate Carter as set forth in his opinion in Matter of Hammond (205 Misc. 309) which contains a full discussion of the cases relied upon by the Government here (see, also, Matter of Hammer, 105 Misc. 721).
The objections are accordingly dismissed. Submit decree on notice.